**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Justin Sadler,<br><br>    Petitioner,<br><br>vs.<br><br>Juan Baltazar,<br><br>    Respondent. | No. CV 18-0485-TUC-RCC (LAB)<br><br>**REPORT AND RECOMMENDATION** |

    Pending before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241, filed on September 26, 2018. (Doc. 1) The petitioner, Justin Sadler, claims the Bureau of Prisons (BOP) failed to acknowledge that his sentence of 120 months was to run concurrent to his previously imposed sentence of two years and improperly calculated his total sentence.

    The respondent filed an answer opposing the petition on June 12, 2019. (Doc. 11) The respondent argues the petition should be denied on the merits. (Doc. 11, p, 2) Sadler did not file a timely reply.

    Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Bowman for a Report and Recommendation. The court assumes, without deciding, that Sadler properly exhausted his administrative remedies. The petition should be denied on the merits. The BOP's calculation is correct.

//

//

Summary of the Case

On June 16, 2006, Sadler received a 120-month sentence for Conspiracy to Possess with Intent to Distribute Methamphetamine in 05-CR-126. (Doc. 11-1, p. 2) He was released and commenced serving a term of supervised release in December of 2011. *Id*.

On April 8, 2013, Sadler received a two-year sentence for violating his supervised release in 05-CR-126. (Doc. 11-1, p. 2); (Doc. 11-2, pp. 33-34) He began serving his sentence immediately. On January 6, 2014, Sadler received an additional 120-month sentence for Felon in Possession of a Firearm. (Doc. 11-2, pp. 43-44) The sentence was "to be served concurrent to sentence in case 05-CR-126." (Doc. 11-2, p. 44)

The BOP calculated Sadler's total sentence as being 10 years, 8 months and 29 days. (Doc. 11-1, p. 4) The BOP made this calculation by taking the 120-month sentence and tacking it onto the amount of time that Sadler already served on his two-year supervised release violation sentence as of the date the 120-month sentence was imposed. *See Id*. That two-year sentence started on April 8, 2013. *Id*. It ran for approximately 9 months, actually 8 months and 29 days, when on January 6, 2014, Sadler's 120-month sentence began. *Id*. Adding the 8 months and 29 days to Sadler's 120-month sentence gives a total sentence of incarceration of 10 years, 8 months and 29 days. *Id*. The BOP then credited Sadler with 24 days of prior custody credit giving him a "full term release date [of] December 12, 2023, not counting Good Conduct Credit." *Id*., pp. 4-5 The BOP's calculation is correct.

Sadler complains that "the BOP converted petitioner's term of imprisonment to one of 10 years, 8 months and 29 days rather than the sentence imposed by the federal sentencing court of 120 months to be served concurrently with the sentence of two years for the revocation of supervised release." (Doc. 1-1, p. 3) Sadler apparently believes that the term "concurrent" means that the supervised release violation sentence and the 120-month sentence must completely overlap. That is to say, he believes the BOP should assume that the 120-month sentence started on April 8, 2013, the same day that the supervised release violation sentence started. And then, his total sentence would be 120-months long, or 10 years. Sadler thinks the BOP has improperly extended his sentence by 8 months and 29 days. He is incorrect.

A sentence can run concurrent with an *unexpired* portion of a previously imposed sentence, but it cannot run concurrent with that part of a previously imposed sentence that has already run. A sentence starts when the defendant is taken into custody to serve that sentence, and not before. *See* 18 U.S.C. § 3585(a) ("A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."); *Schleining v. Thomas*, 642 F.3d 1242, 1244 (9th Cir. 2011) ("[A] federal sentence cannot begin *before* the defendant has been sentenced in federal court.") (emphasis in original); *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980) ("The sentences could not be concurrent in the sense of having the same starting date because a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served.").

In this case, Sadler's 120-month sentence started on the day it was imposed, January 6, 2014.[1] It ran concurrent with the unexpired portion of the previously imposed 2-year sentence until that sentence expired. Sadler's total federal incarceration can be calculated by taking that part of the 2-year sentence that was served before January 6, 2014 and then adding the 120-month sentence onto that. In all, Sadler's total aggregate sentence of incarceration is 10 years, 8 months and 29 days. The BOP's sentencing calculation is correct.

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order denying the petition for writ of habeas corpus filed on September 26, 2018. (Doc. 1)

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within 14 days of being served with a copy of this Report and Recommendation. If objections are not

---

[1] If Sadler's 120-month sentence was run *consecutive* to his 2-year supervised release violation sentence, it would not have started until the 2-year sentence was over.

timely filed, they may be deemed waived.  The Local Rules permit a response to an objection. They do not permit a reply to a response without the express permission of the District Court.

DATED this 23rd day of August, 2019.

_Leslie A. Bowman_
Leslie A. Bowman
United States Magistrate Judge